09-4378-ag
Bojku v. Holder

BIA
Sichel, IJ
A077 641 866
A077 641 867
A077 641 868
A077 641 869

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand ten.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
      *Circuit Judges*.

_____

IDAJETE BOJKU, RIZA BOJKU, MARSEL BOJKU, JULIAN BOJKU,
      *Petitioners*,

      v.                                           09-4378-ag
                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONERS:        Andrew P. Johnson, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney

**General; Lyle D. Jentzer, Senior Litigation Counsel; Aaron R. Petty, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Albania, seek review of a September 22, 2009 order of the BIA, affirming the March 25, 2005 decision of Immigration Judge ("IJ") Helen Sichel, which denied their application for asylum and withholding of removal. *In re Bojku*, Nos. A077 641 866/867/868/869 (B.I.A. Sept. 22, 2009), *aff'g* Nos. A077 641 866/867/868/869 (Immig. Ct. N.Y. City Mar. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.[1]

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

---

[1] While Idajete Bojku was designated the lead applicant, Petitioners' claims were predicated solely on the alleged persecution of her husband, Riza Bojku. For the sake of clarity, we refer to him as "Bojku" throughout.

applicable standards of review are well-established.  *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination.  In finding Riza Bojku's testimony not credible, the IJ relied in large part on his demeanor, specifying at least four instances where he paused before answering when asked to describe the persecution he allegedly suffered, and finding that "throughout much of the testimony [he] was struggling to remember the answers to questions as though he was attempting to remember the lines in a perfectly memorized script."  IJ at 8.  Because the IJ was in the best position to observe Bojku's manner while testifying, we afford her demeanor finding particular deference.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

Having found Bojku's testimony not credible, the agency reasonably found that his documentary evidence was questionable, *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d

3

Cir. 2007), and did not err in rejecting Petitioners' purported government-issued documents in part because they were not authenticated in compliance with 8 C.F.R. § 287.6, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (distinguishing *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), and holding that the BIA did not err in rejecting a document in part due to lack of authentication); *Matter of H-L-H-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (reasoning that authentication is more reasonably expected when the applicant's family allegedly sought out evidence from authorities on the applicant's behalf for the purpose of asylum proceedings, as opposed to a contemporaneously created report of a past event). Furthermore, the certificate allegedly issued by the Albanian Democratic Party did not confirm Bojku's claim that he was arrested and mistreated due to his political opinion. When asked why the certificate did not mention his alleged arrest and mistreatment, Bojku was unable to explain the omission. Contrary to Petitioners' argument that the agency did not identify any "inconsistency" between Bojku's testimony and his written statement, the omission the IJ

4

identified was the functional equivalent of an inconsistency and supported the IJ's adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence.[2] *See Shu Wen Sun*, 510 F.3d at 379-80; *see also Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006). Accordingly, the agency did not err in denying Petitioners' applications for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, the agency did not err in failing to address the possibility of CAT relief, because Petitioners expressly waived this form of relief before IJ, and only mentioned it glancingly in their brief before BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir.

---

[2] We decline to address Petitioners' arguments relating to the parties' stipulation because they failed to exhaust this issue before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007).

2005) (noting that an argument is not considered raised when it is mentioned in a "single conclusory sentence").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk